ELLIS, Judge:
In this suit, plaintiff Fannie Godwin seeks to enjoin the East Baton Rouge Parish School Board from enforcing Rule VII of its Rules of Procedure on the ground of its alleged unconstitutionality. Rule VII, which was adopted on December 4, 1980, provides, in part, as follows:
“VII. ORDER AND DECORUM AT SCHOOL BOARD AND COMMITTEE MEETINGS.
“It is in the public interest, and the public demands, that meetings of the School Board or its Committees, in handling the public’s business, be conducted in an orderly and dignified manner. To this end, the following rules are established for the conduct of all persons, including Board members and staff members, attending a meeting of the School Board or its Committees.
“No signs, poster, placards, etc. shall be affixed to the walls, doors, etc. of the School Board office building or any room therein, except by the School Board Staff in connection with School Board Business and then only with permission of the Superintendent. No sign, placard, or poster which is carried by hand shall be permitted in the School Board office building or any of its rooms.”
On January 5, 1981, Mrs. Godwin attended a School Board meeting, bringing with her a hand carried sign measuring about 15 by 23 inches. During the meeting, she stood in the back of the room, holding the sign over her head. She was asked to remove the sign, and, upon her refusal to do so, was asked to leave the meeting. On her continuing refusal to remove the sign or to leave, Mrs. Godwin was arrested and removed from the meeting. It was stipulated that Mrs. Godwin knew of Rule VII before the meeting, and had informed others of her intention to carry a sign into the meeting; that she indulged in no loud or boisterous conduct; and that the public did not react to her sign in a loud or disruptive manner.
The president and immediate past president of the School Board testified relative to the adoption of Rule VII. They testified that, in past meetings, hand held signs had created a problem by blocking the view of others at the meetings; by distracting the members of the School Board from their deliberations, by creating a circus-like atmosphere, and by creating a potential hazard, should signs be dropped on those at the meeting. With the exception of persons being injured by falling signs, specific examples of such occurrences were proven.
Plaintiff alleges that Rule VII violates her right of free speech under the First and Fourteenth Amendments to the Constitution of the United States, and Article I, Sections 7 and 9 of the Louisiana Constitution of 1974. Under those provisions, freedom of speech is a fundamental right, which may not be abridged or limited unless in the furtherance of a compelling state interest. Cox v. State of Louisiana, 379 U.S. 536, 85 S.Ct. 453, 13 L.Ed.2d 471 (1965); Tinker v. Des Moines Independent Com. School Dist., 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969).
As pointed out by the trial judge, the issue in this case is not the propriety of the arrest of the plaintiff, nor the content of the writing on the sign. The issue is whether or not the School Board may prohibit persons from bringing hand held signs, regardless of content, into its meetings.
We think the trial judge correctly resolved the question. The record affirmatively shows that hand carried signs have been both disruptive and distracting in previous meetings. All persons attending School Board meetings are given the opportunity to speak on matters of interest to them. We find that, since an equivalent method of expression is available to all persons attending School Board meetings, and since hand carried signs have proven to be disruptive and distracting at previous meetings, the restriction placed on bringing such signs into School Board meetings is reasonable and designed to permit the business of the School Board to be conducted in an orderly manner.
*74 We therefore hold Rule VII to be a constitutional exercise of the authority of the School Board, and that the trial judge properly denied the injunctive relief sought by plaintiff.
The judgment complained of is affirmed, at plaintiff’s cost.
AFFIRMED.